IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUBEN RAMIREZ, § | | |
| TDCJ No. 1819361, § | | |
|     *Plaintiff*, § | | |
| § | | |
| v. § | CIVIL ACTION No. 5:15-cv-00333 | |
| § | | |
| FEAZEL, *et al.*, § | | |
|     *Defendants.* § | | |

**Defendants Harris, Rivera, and Mize's Motion for Partial Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c)**

    Defendants John Harris, Mariano Rivera and Matthew Mize[1] file this for Partial Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) for failure to state a claim upon which relief may be granted for assault, retaliation, and for violations of 18 U.S.C. § 242 and Sections 39.03 and 39.04 of the Texas Penal Code.[2]

**Statement of the Case**

    Plaintiff Ruben Ramirez, proceeding *pro se* and *in forma pauperis*, is an inmate in the custody of the Texas Department of Criminal Justice (TDCJ) and was incarcerated at the Dominguez State Jail in San Antonio, Texas at all times relevant to this lawsuit. He currently resides at the Polunsky Unit in Livingston, Texas. Offender Ramirez filed his complaint pursuant to 42 U.S.C. § 1983 on April 22, 2015. DE 1. Because Ramirez does not specify which capacity he is suing Defendants Harris, Rivera, and Mize, it is assumed he is suing them in both their

---

[1] Defendant Feazel has filed a Motion for Summary Judgment contemporaneously with Defendants Harris, Rivera, and Mize's Motion Pursuant to Rule 12(c).

[2] All Defendants, including Defendants Harris, Rivera, and Mize, advise that they will not be submitting a motion for summary judgment regarding the merits Plaintiff's claims arising under the Eighth Amendment—namely the claims of excessive use of force and failure to protect Plaintiff from that force. Genuine issues of material fact remain with regard to the merits of Plaintiff's Eighth Amendment claims against Defendants. Defendants maintain their assertion that they are entitled to qualified immunity, as pled in their original and amended answers.

individual and official capacities. Ramirez claims that on April 21, 2013, Defendants Harris, Rivera, and Mize used excessive force on him in violation of his Eighth Amendment rights. DE 1 at 4. Ramirez alleges that on this date, 10-12 officers entered his dorm to conduct a cell search. *Id.* at 10. Ramirez was exiting the dorm per the officers' instructions, but as he was walking toward the door, Ramirez alleges that an offender kicked a sock in his direction. *Id.* at 11. An officer ordered him to pick up the sock, but when Ramirez told him that was not his sock, Officer Mize told him he would write Ramirez up for disobeying an order if he did not pick up the sock. *Id.*

Once Ramirez bent over to pick up the sock, he was "immediately attacked" by Defendants Harris, Mize, and Rivera. *Id.* These officers kicked, punched, and cursed at him. *Id.* Offender Ramirez claims they handcuffed him but continued to punch and kick him while he was on the ground. *Id.* He then contends that after being punched, kicked, and kneed for about five minutes, an officer said "Here comes the video camera! Get off him!" *Id.* Ramirez also alleges that during the whole time the use of force was occurring, Defendant Feazel was standing nearby and did not try to intervene or say anything to stop the other officers, thus failing to protect him from the alleged excessive use of force. *Id.* at 12. Ramirez claims that because of this use of force, he suffered several injuries, including "permanent nerve damage" to his left wrist, headaches, abrasions, and sleep deprivation from his head being pounded on the floor. *Id.* at 12-13. In addition to Eighth Amendment claims, Ramirez also appears to bring claims for assault and retaliation and claims under 18 U.S.C. § 242 and Sections 39.03 and 39.04 of the Texas Penal Code. *Id.* at 10, 14-15. Ramirez seeks compensation for his injuries, and the cost of the lawsuit. *Id.* at 4.

**Arguments and Authorities**

A. **Standard of Dismissal**

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007). The Rule 12(b)(6) standard tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010).

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662 at 678 (citing *Twombly*, 550 U.S. at 556). Thus, while the complaint need not contain "detailed factual allegations," it must go beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 679. Under Rule 12(c), "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Brittan Communications Intern. Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002) (internal quotations omitted). When a complaint fails to do so, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the

parties and the court." *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

**B. Offender Ramirez's assault and battery claims are barred by the Texas Tort Claims Act.**

To the extent Ramirez is attempting to bring a state law claim for assault and battery against Defendants Harris, Rivera, and Mize, this claim should be dismissed under Section 101.106(f) of the Texas Tort Claims Act (TTCA). Section 101.106(f) of the TTCA provides that "if a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment, and if it could have been brought against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only." Tex. Civ. Prac. & Rem. Code § 101.106(f); *Franka v. Velasquez*, 332 S.W. 3d, 367 (Tex. 2011). The Texas Supreme Court in *Franka* found its construction of Section 101.106(f) "foreclose[s] suit against a government employee in his individual capacity if he was acting within the scope of employment." *Id.* Under the Court's construction of Section 101.106(f), a government employee is entitled to dismissal upon a showing that the (1) the employee acted within the general scope of his employment, and (2) "suit could have been brought under the Act—that is, plaintiff's claim is in tort and not under another statute that independently waives immunity." *Id.* at 381. In other words, under *Franka*, all tort claims, including intentional torts, "could have been brought" against the governmental unit regardless of whether the Act waives immunity from suit. *Bordges v. City of Flower Mound, Tex.*, No. 4:11-CV-310, 2011 WL 5600339, at *5 (E.D. Tex. Oct. 14, 2011), *report and recommendation adopted*, 2011 WL 5599925 (E.D. Tex. Nov. 16, 2011); *Franka*, 332 S. W. 3d at 385.

There is no question that Ramirez's assault and battery claim is brought against Defendants Harris, Rivera, and Mize for conduct committed during the course and scope of their employment

as TDCJ correctional officers. Moreover, Ramirez's state law claims for assault and battery "could have been brought" under the TTCA. *See Herrera v. Aguilar*, No. SA-10-CV-00569-DAE, 2013 WL 4784125, at *4 (W.D. Tex. Sept. 6, 2013) (holding inmate's assault and battery claims "could have been brought" under the TTCA). Therefore, because Offender Ramirez's assault and battery claims fall under the TTCA, the assault and battery claims against Defendants Harris, Rivera, and Mize in their individual capacities should be dismissed. Furthermore, Section 101.057(2) of the TTCA provides that the TTCA "does not apply to claims arising out of assault, battery, false imprisonment, or any other intentional tort." Thus, the TTCA expressly preserves immunity against intentional torts, including assault and battery. *See Herrera*, 2013 WL 4784125 at *2. Given that the TTCA retains sovereign immunity for intentional torts, Defendants Harris, Rivera, and Mize are entitled to sovereign immunity, and Offender Ramirez's assault and battery actions are barred by the TTCA.

**C. Ramirez does not state a claim for retaliation.**

To the extent Offender Ramirez is arguing that Defendants Harris, Rivera, and Mize retaliated against him, he has not stated a claim for retaliation. In order to prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation, which requires inmate to show that, but for the retaliatory motive, the adverse action would not have occurred. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006); *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir.1998). "Prisoners' claims of retaliation are regarded with skepticism and are carefully scrutinized by the courts."*Adeleke v. Fleckenstein*, 385 Fed. Appx. 386, 387 (5th Cir. 2010) (citing *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)). "Filing grievances and otherwise complaining about the conduct of correctional officers through proper

channels are constitutionally protected activities." *Reese v. Skinner*, 322 Fed. Appx. 381, 383 (5th Cir. 2009). Yet, conclusory allegations without a specific factual basis are not sufficient to state a claim of retaliation. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

Rather, to state a claim for retaliation, "an inmate must either produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred." *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (internal quotations omitted). In order to meet his burden, an inmate must show more than his "personal belief that he is the victim of retaliation." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Additionally, causation requires a showing that "but for the retaliatory motive the complained of incident . . . would not have occurred." *MacDonald v. Steward,* 132 F.3d 225, 231 (5th Cir.1998) (quoting *Johnson*, 110 F.3d 299 at 310. Moreover, the inmate must show the adverse act was taken "in an effort to chill" the inmate's constitutionally protected activity. *Johnson*, 110 F.3d 299 at 310.

Here, Ramirez lists retaliation as one of his claims against Defendants. DE 1 at 10. He simply states that the officers denied him his Constitutional right to be free from "retaliation by use of excessive force where no force should have been used." *Id.* Ramirez does not offer *any* other facts or allegations to support his claim of retaliation. For example, he does not specify what Constitutional right he was exercising when Defendants retaliated against him, or even clarify what the retaliatory adverse act was. Moreover, he does not produce any "direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred." *See Allen*, 388 F.3d at 149. A conclusory statement that Ramirez was retaliated against is not sufficient to state a claim. *Woods*, 60 F.3d at 1166. Thus, to the extent Ramirez is attempting to argue that Defendants Harris, Rivera, and Mize retaliated against him in some way, he has failed to state a claim.

6

**D. 18 U.S.C. § 242 does not give rise to a private cause of action.**

Ramirez's claim under 18 U.S.C. § 242 is without merit. Ramirez contends that Defendants Harris, Rivera, and Mize violated Section 242, Title 18 of the United States Code which provides that "[w]hoever, under color of any law . . . willfully subjects any person in any State . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States . . . shall be fined under this title or imprisoned not more than one year. . . ." However, this statute is a criminal statute and "do[es] not provide for a provide cause of action." *Ali v. Shabazz*, 8 F.3d 22, 22 (5th Cir. 1993) (holding that inmate plaintiffs, who alleged defendants deprived them of their constitutional rights under the First and Eighth Amendment without due process, had no cause of action under 18 U.S.C. § 242). Thus, Ramirez's claim under Section 242 has no arguable basis in law or fact and should be dismissed.

**E. The Texas Penal Code does not give rise to private causes of action.**

Ramirez's claim that Defendants Harris, Rivera, and Mize violated Sections 39.03 and 39.04 of the Texas Penal Code is also meritless. Sections 39.03 and 39.04 of the Texas Penal Code govern the crimes of official oppression and violations of the civil rights of a person in custody, respectfully. *See* Tex. Penal Code Ann. §§ 39.03; 39.04 (West 2015). The Texas Penal Code, however, "does not create private causes of action." *Urias v. Ground*, No. 5:11-cv-142, 2011 WL 6318553, at *3 (E.D. Tex. Oct. 17, 2011), *report and recommendation adopted sub nom. Urias v. Grounds*, 2011 WL 6318550 (E.D. Tex. Dec. 15, 2011) (holding that inmate's claims under Section 39.03 and 39.04 of the Texas Penal Code were "without merit"); *see also Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex. App.—Tyler 1996, writ denied). A victim "does not have standing to participate as a party in a criminal proceeding." *Aguilar*, 923 S.W.2d at 745 (quoting Tex. Const. art. I, § 30(e)). Thus, Ramirez's claims under the Texas Penal Code are without merit.

**F. Defendants Harris, Rivera, and Mize are entitled to Eleventh Amendment immunity.**

To the extent Offender Ramirez is suing Defendants Harris, Rivera, and Mize in their official capacities for monetary damages, Defendants Harris, Rivera, and Mize are entitled to Eleventh Amendment immunity. The Eleventh Amendment bars suit in federal court against a state, or one of its agencies or departments, regardless of the nature of the relief requested. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Neuwirth v. Louisiana State Bd. Of Dentistry*, 845 F.2d 553, 555 (5th Cir. 1988). A suit for damages against a state official in his official capacity is not a suit against that individual, but a suit against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Consequently, a state official acting in his official capacity is not a "person" subject to suit under Section 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). The State may waive Eleventh Amendment Immunity or Congress may specifically override the immunity under Section 5 of the Fourteenth Amendment. *Welch v. Texas Dept. of Highways and Public Transp.*, 483 U.S. 468, 473-74 (1987). Yet, neither Congress nor the State of Texas has waived Eleventh Amendment immunity with regard to Section 1983. *See Will*, 491 U.S. 58 at 66 ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity.").

Offender Ramirez's allegations against Defendants Harris, Rivera, and Mize concern matters occurring within the scope of their employment as state employees working for TDCJ, a state agency. Accordingly, to the extent that Offender Ramirez is suing Defendants Harris, Rivera, and Mize for money damages in their official capacity, his claims are barred by the Eleventh Amendment.

**Conclusion**

For the reasons stated, Defendants Harris, Rivera, and Mize respectfully ask that Plaintiff's claims against them for monetary damages in their official capacities be dismissed. Defendants Harris, Rivera, and Mize also ask that all of Plaintiff's claims against them in their individual capacities, with the exception of his Eighth Amendment claim regarding the alleged excessive use of force, be dismissed for failure to state a claim upon which relief may be granted.

    Respectfully submitted,

    **KEN PAXTON**
    Attorney General of Texas

    **CHARLES E. ROY**
    First Assistant Attorney General

    **JAMES E. DAVIS**
    Deputy Attorney General for Civil Litigation

    **KAREN D. MATLOCK**
    Assistant Attorney General
    Chief, Law Enforcement Defense Division

    */s/ Kimberly L. Kauffman*
    **KIMBERLY L. KAUFFMAN**
    Assistant Attorney General
    Attorney-In-Charge
    State Bar No. 24089255
    Kimberly.Kauffman@texasattorneygeneral.gov

    P. O. Box 12548, Capitol Station
    Austin, Texas 78711
    Office: (512) 463-2080 / Fax: (512) 936-2109

    **ATTORNEYS FOR DEFENDANTS FEAZEL, HARRIS, RIVERA, AND MIZE**

## NOTICE OF ELECTRONIC FILING

I, **KIMBERLY L. KAUFFMAN**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing a correct copy of the foregoing **Defendants Harris, Rivera, and Mize's Motion for Partial Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c)** in accordance with the Electronic Case Files system of the USDC - Western District of Texas, on November 6, 2015.

>*/s/ Kimberly L. Kauffman*
>**KIMBERLY L. KAUFFMAN**
>Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **KIMBERLY L. KAUFFMAN**, Assistant Attorney General of Texas, certify that a true copy of the above **Defendants Harris, Rivera, and Mize's Motion for Partial Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c)** has been served by placing it in the United States Postal Service, postage prepaid, on November 6, 2015, addressed to:

Ruben C. Ramirez, TDCJ No. 1819361
TDCJ - Polunsky Unit
3872 FM 350 South
Livingston, TX 77351
**Plaintiff Pro Se**

>*/s/ Kimberly L. Kauffman*
>**KIMBERLY L. KAUFFMAN**
>Assistant Attorney General