**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **RUBEN C. RAMIREZ #1819361** | § | |
| | § | |
| **V.** | § | **SA-15-CA-333-RP** |
| | § | |
| **HURSHAL FEAZEL, JOHN HARRIS,** | § | |
| **MARIANO RIVERA, and MATTHEW** | § | |
| **MIZE** | § | |

## ORDER

Before the Court are Plaintiff's Motion for the Appointment of Counsel and Defendants'

response thereto.  After consideration of the motion and response, the motion is granted.

In a complaint based upon 42 U.S.C. § 1983, "[a] civil rights complainant has no right to the

automatic appointment of counsel," and "the trial court is not required to appoint counsel for an

indigent plaintiff asserting a claim under 42 U.S.C. § 1983 ... unless the case presents exceptional

circumstances." *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).  This case sets forth factors

which a federal court may consider in determining, in its discretion, whether counsel should be

appointed, including:

> (1) the type and complexity of the case; (2) whether the indigent is capable of
> adequately presenting his case; (3) whether the indigent is in a position to investigate
> adequately the case; and (4) whether the evidence will consist in large part of
> conflicting testimony so as to require skill in the presentation of evidence and in
> cross examination.

*Id.* at 213 (citations omitted).  The court "should also consider whether the appointment of counsel

would be a service to the indigent plaintiff and, perhaps, the court and defendant as well, by

sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." *Id.*  Subsequent cases in the Fifth Circuit have followed the reasoning set forth in *Ulmer*.  *See Vinson v. Heckmann*, 940 F.2d 114, 116 (5th Cir. 1991); *Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Hulsey v. State of Texas*, 929 F.2d 168, 172-73 (5th Cir. 1991); *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975).

The Court has applied the factors delineated in *Ulmer* to the case at hand and has determined the appointment of counsel is warranted.  Accordingly, Karson Karl Thompson is appointed to represent Plaintiff in this case.  As many of the deadlines in this case have now passed, the parties are ordered to submit a joint proposed scheduling order so that an amended scheduling order can be issued.  In addition, the Court dismisses without prejudice to refiling the Motion for Summary Judgment, filed by Defendant Feazel, and the Motion for Partial Judgment on the Pleadings, filed by Defendants Harris, Rivera, and Mize.  The motions may be refiled after the amended deadline for filing amended pleadings has passed.

It is therefore **ORDERED** that the Motion for Appointment of Counsel, filed by Plaintiff on November 23, 2015, is **GRANTED**.

It is further **ORDERED** that Karson Karl Thompson of Beck Redden LLP, 515 Congress Ave., Ste. 1900, Austin, Texas 78701, 512-900-3218, is appointed to represent Plaintiff in the District Court. The Clerk of the Court shall forward a copy of the entire file to Mr. Thompson.

It is further **ORDERED** that the parties shall submit a joint proposed scheduling order on or before **December 30, 2015**.

It is further **ORDERED** that the Motion for Summary Judgment, filed by Defendant Feazel on November 6, 2015, is **DISMISSED WITHOUT PREJUDICE**.

It is finally **ORDERED** that the Motion for Partial Judgment on the Pleadings, filed by Defendants Harris, Rivera, and Mize on November 6, 2015, is **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** on December 7, 2015.


ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE