IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RUBEN RAMIREZ, TDCJ No. 1819361 § <br> *Plaintiff.* § <br> § <br> § <br> v. § <br> § <br> § <br> FEAZEL, ET AL., § <br> *Defendants.* § | CIVIL ACTION No. 5:15-CV-00333 |

**Defendants Harris, Rivera, and Mize's Answer to
Plaintiff's First Amended Complaint**

Defendants John Harris, Mariano Rivera, and Matthew Mize file this Answer in response to Plaintiff Ruben Ramirez's First Amended Complaint. DE 42.

**General Denial**

1. Pursuant to Rule 8(b), and for the express purpose of requiring Plaintiff to meet his burden of proof herein, Defendants Harris, Rivera, and Mize deny each and every allegation contained in Plaintiff's Complaint except those admitted to below.

**Specific Admissions and Denials**

2. Defendants Harris, Rivera, and Mize admit that Plaintiff was an inmate confined to the custody of the Texas Department of Criminal Justice (TDCJ).

3. Defendants Harris, Rivera, and Mize admit that they were employed with TDCJ during the time relevant to Plaintiff's Complaint.

4. Defendants Harris, Rivera, and Mize admit that TDCJ is an agency of the State of Texas.

5. Defendants Harris, Rivera, and Mize contend that Plaintiff has not stated a claim upon which relief can be granted under 42 U.S.C. § 1983 or under any other statute, constitutional theory, or legal authority.

6. Defendants Harris, Rivera, and Mize deny that Plaintiff was denied any right, privilege, or protection granted or secured by the Constitution or laws of the United States.

7. Defendants Harris, Rivera, and Mize contend that Plaintiff has failed to state a claim that amounts to cruel and unusual punishment in violation of the Eighth Amendment.

8. Defendants Harris, Rivera, and Mize deny that they acted maliciously and sadistically for the very purpose of causing harm to Plaintiff.

9. Defendants Harris, Rivera, and Mize deny that they are liable for failing to protect the Plaintiff in violation of the Eighth Amendment of the U.S. Constitution.

10. Defendants Harris, Rivera, and Mize deny that they acted individually or in concert with others to engage in illegal conduct to injure Plaintiff.

11. Defendant Harris, Rivera, and Mize deny that they acted in retaliation against Plaintiff.

12. Defendants Harris, Rivera, and Mize deny that Plaintiff is entitled to any relief demanded in his Complaint, and further deny that Plaintiff is entitled to damages, attorney's fees, or costs in any amount whatsoever.

## Affirmative Defenses and Immunities

13. Defendants Harris, Rivera, and Mize assert that, at all times relevant to this cause of action, they acted in their individual and official capacities as employees of TDCJ and with the good faith belief that their actions were proper under the Constitution and laws of the United States and the State of Texas.

14. Defendants Harris, Rivera, and Mize assert their entitlement to qualified immunity against the 42 U.S.C. § 1983 cause of action and any other federal claim asserted against them in their individual capacities.

15. Defendants Harris, Rivera, and Mize assert their entitlement to Eleventh Amendment immunity, which bars any claims for damages that may have been brought against them in their official capacities.

16. Defendants Harris, Rivera, and Mize would show that the damages or injuries which may be proven by the Plaintiff, if any, were a result of Plaintiff's own misconduct, negligence, and/or intentional acts or omissions.

17. Defendants Harris, Rivera, and Mize assert that if any force was used against Plaintiff, such use of force was a privileged use of force.

18. Defendants Harris, Rivera, and Mize assert that any claim premised upon the law of negligence will not support a claim of constitutional dimension under 42 U.S.C. § 1983.

19. Defendants Harris, Rivera, and Mize assert that this suit is frivolous and without merit, and as such, Defendants Harris, Rivera, and Mize are entitled to recover from Plaintiff the amount of attorney's fees and costs incurred in defending this suit, pursuant to 42 U.S.C. § 1988.

## Jury Demand

20. Defendants Harris, Rivera, and Mize demand a jury trial should trial become necessary.

## Conclusion

21. Defendants Harris, Rivera, and Mize prays that Plaintiff take nothing and that they be awarded their costs, and have such other and further relief, general and specific, at law and in equity, to which they may be justly entitled.

          Respectfully submitted,

          **KEN PAXTON**
          Attorney General of Texas

**CHARLES E. ROY**
First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ Kimberly L. Kauffman*
**KIMBERLY L. KAUFFMAN**
Assistant Attorney General
Attorney-In-Charge
State Bar No. 24089255

P. O. Box 12548, Capitol Station
Austin, Texas 78711
Office: (512) 463-2080
Fax: (512) 936-2109
Kimberly.Kauffman@texasattorneygeneral.gov

**ATTORNEYS FOR DEFENDANTS HARRIS, RIVERA, AND MIZE**


## NOTICE OF ELECTRONIC FILING

I, **KIMBERLY L. KAUFFMAN**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing a correct copy of the foregoing **Defendants Harris, Rivera, and Mize's Answer to Plaintiff's First Amended Complaint** in accordance with the Electronic Case Files System of the Western District of Texas, on February 24, 2016.

*/s/ Kimberly L. Kauffman*
**KIMBERLY L. KAUFFMAN**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **KIMBERLY L. KAUFFMAN**, Assistant Attorney General of Texas, certify that a true copy of the above **Defendants Harris, Rivera, and Mize's Answer to Plaintiff's First Amended Complaint** has been served via the Court's Electronic Case Files system on February 24, 2016 addressed to:

**Karson Karl Thompson**
BECK REDDEN LLP
515 Congress Ave., Ste. 1900
Austin, Texas 78701
Phone: 512-900-3218
*Attorney for Plaintiff*

                          */s/ Kimberly L. Kauffman*
                          **KIMBERLY L. KAUFFMAN**
                          Assistant Attorney General